# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAYMOND TILLMAN,**            Case No. 4:19 CV 2357

    Petitioner,                        Judge Jeffrey J. Helmick

    v.                                  Magistrate Judge James R. Knepp II

**UNITED STATES OF AMERICA,**[1]

    Respondent.                **REPORT AND RECOMMENDATION**

*Pro se* petitioner Raymond Tillman ("Petitioner"), a prisoner in federal custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). (Doc. 1). Respondent Mark Williams, Warden of FCI Elkton ("Respondent"), filed a Motion to Dismiss (Doc. 6) and Petitioner filed an Opposition (Doc. 7). Respondent filed a Reply. (Doc. 8). Petitioner then filed a "Motion to Supplement in Response to Government's Response" (Doc. 10)[2]. The district court has

---

1. The proper respondent to a habeas petition is the person who holds custody of the petitioner. 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'") (quoting 28 U.S.C. § 2242). At the time of filing, the proper Respondent was Mark Williams, Warden, Federal Correctional Institution ("FCI") Elkton in Lisbon, Ohio. *See* Doc. 4. Petitioner has since been relocated to Allenwood Low FCI in White Deer, Pennsylvania (*see* Doc. 9) and the Warden of that facility, D.K. White, is therefore the proper respondent. *Rumsfeld*, 542 U.S. at 434; *see also White v. Lamanna,* 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a 2241 petition while present in the district is involuntarily removed from the district while the case is pending.").

2. In Petitioner's Motion to Supplement (Doc. 10), he replies to arguments made in Respondent's Reply (Doc. 8). In essence, he moves the Court to allow him to supplement the arguments he made in his Opposition (Doc. 7). Thus, the undersigned construes the motion as one for leave to file a sur-reply. While sur-replies are typically not permitted by the Local Rules (*see* Local Rule 7.1), in deference to Petitioner's *pro se* status, the undersigned GRANTS Petitioner's Motion to Supplement, and has considered the arguments raised therein.

jurisdiction over the Petition under § 2241(a). This matter has been referred to the undersigned for a Report and Recommendation. (Non-document entry dated October 28, 2019). For the reasons discussed below, the undersigned recommends the Petition (Doc. 1) be DISMISSED.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner had two criminal cases adjudicated in the United States District Court for the Southern District of Ohio: *United States v. Raymond Tillman*, Case No. 2:98-cr-120 (S.D. Ohio) ("*Tillman I*"), and *United States v. Raymond Tillman*, Case No. 2:17-cr-36 (S.D. Ohio) ("*Tillman II*"). Both are relevant here.

In *Tillman I*, pursuant to a negotiated plea agreement, Petitioner was convicted of one count of conspiracy to possess crack cocaine, in violation of 21 U.S.C. § 846. (Doc. 80, at 1). Petitioner received a sentence of 235 months imprisonment, with five years of supervised release. *Id*. On the government's motions, Petitioner's sentence was reduced twice, once in April 2003 to 168 months imprisonment (Doc. 77), and a second time in March 2008 to 134 months imprisonment (Doc. 88). He began his term of supervised release in March 2008. (Doc. 89, at 1).

Petitioner's supervised release was revoked in May 2012 based on a state court criminal conviction. (Doc. 120, at 1-2). The federal court sentenced him to 19 months imprisonment, to run concurrent with his state sentence, with credit for 13 months time served, followed by an additional four years of supervised release. *Id*. at 2. Petitioner began his second term of supervised release in April 2014. (Doc. 124, at 1).

During his second term of supervised release, Petitioner was charged (in *Tillman II*) with conspiracy to possess (with intent to distribute) more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846. (Doc. 1). He was convicted pursuant to a negotiated plea agreement and, in September 2017, sentenced to 60 months imprisonment with five years of supervised

2

release. (Doc. 90, at 2-3). At the same time, the court revoked Petitioner's second term of supervised release (from *Tillman I*), and sentenced him to serve 27 months imprisonment, 24 of which were to run concurrent with his sentence in *Tillman II*. (Doc. 129, at 2).

Petitioner's current projected release date is June 15, 2021. *See* Bureau of Prisons Inmate Locator, Register Number 64610-061, available at https://www.bop.gov/inmateloc, (last visited March 18, 2020).

## FEDERAL HABEAS CORPUS

Petitioner filed the instant Petition in August 2019[3]. (Doc. 1). Therein, Petitioner asserts his good time credits should be recalculated pursuant to amendment 18 U.S.C. § 3624(b) of the First Step Act. (Doc. 1, at 1). Specifically, Petitioner states he is entitled to "an additional 115 days of good time credits on his one hundred and thirty-four (134) and sixty-three (63) months aggregated sentences under the amended statute." *Id*. at 2. Petitioner arrives at this figure because he contends the First Step Act increased the maximum available good time credits from 47 to 54 days per year, a credit that is now calculated based upon the time a petitioner has actually served, rather than to the time imposed in the original sentence. *Id*. at 4-5. Petitioner asks this Court to direct the Bureau of Prisons ("BOP") to recalculate his sentence accordingly as soon as possible, *id*. at 15, and grant him interim release, *id*. at 12-13.

## DISCUSSION

In his Motion to Dismiss (Doc. 6), Respondent contends the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies within the BOP for the claim presented. In Opposition, Petitioner asserts he is not required to exhaust such remedies within the

---

3. The Petition was filed August 9, 2019 in the Southern District of Ohio (Doc. 1), and formally transferred to this Court on October 9, 2019 (Non-document entry dated October 9, 2019).

BOP before seeking relief from this Court. (Doc. 1, at 13-14). For the reasons contained herein, the undersigned agrees with Respondent and concludes Petitioner did not exhaust his administrative remedies as required by law and the Petition (Doc. 1) must be DISMISSED.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). "Because the offender has a right to certain jail-time credit . . . the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id*. Federal regulations provide for administrative review of calculation of good time credits. 28 C.F.R. §§ 542.10-542.17. A prisoner may seek judicial review of these computations only after exhausting his administrative remedies. *Wilson*, 503 U.S. at 335; *see also United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996) ("However, it is settled law that this issue is not ripe for review until the Bureau of Prisons has ruled on a defendant's request for credit."); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 233 (6th Cir. 2006) ("[I]t is well-settled that a federal prisoner must exhaust all available administrative remedies before filing a federal habeas petition[.]"); *United States v. Lorenz*, 2019 WL 2082280, at *2 (N.D. Ohio) (holding a § 2241 petitioner was required to exhaust his administrative remedies when pursuing a good time recalculation under the First Step Act); *Washington v. Bureau of Prisons*, 2019 WL 6255786, at *3 (N.D. Ohio) ("Petitioner must first exhaust his administrative remedies before bringing a § 2241 petition, and [ ] the provisions of the First Step Act do not alter this requirement or render the requirement futile."), *report and recommendation adopted by* 2019 WL 6251777.

Accordingly, because Petitioner has, thus far, failed to exhaust his administrative remedies for a good time credit recalculation, this Court is unable to address the Petition. *Wilson*, 503 U.S. at 335; *Washington*, 2019 WL 6255786, at *3. The law directs Petitioner to first pursue

recalculation with the BOP and, if he disagrees with its decision, only then can he petition this Court to examine the matter. *Cobleigh*, 75 F.3d at 251.

Petitioner submitted evidence that he exhausted an administrative appeal, *see* Doc. 1, at 75-76, however, a review of these documents reveals that this appeal addressed the BOP's denial of Petitioner's early release following his completion of a substance abuse treatment program pursuant to 18 U.S.C. § 3621(e). By contrast, the instant Petition (Doc. 1), addresses calculation of good time credit pursuant to 18 U.S.C. § 3624, as amended by the First Step Act. The two are unrelated.

Petitioner further argues engaging in an administrative review would be "fruitless" and "futile" because Respondent already has access to a "final verdict and opinion by the []BOP on [his] good conduct days." (Doc. 7, at 6). Futility is a recognized exception to the requirement of administrative exhaustion. *Fazzini*, 473 F.3d at 236. The "final verdict" Petitioner references here is an October 5th, 2019 recalculation by the BOP of good time credits. *Id*. In essence, Petitioner argues the BOP's "predetermination of the issue, render[s] exhaustion futile" and he will face "irreparable harm" from the delay caused by pursuing his administrative remedies. *Id*. at 8. However, the central theme of his Opposition is that this calculation by the BOP is incorrect. *See* Doc. 7, at 6. Petitioner cites *McCarthy v Madigan*, 503 U.S. 140, 148 (1992), for the proposition that futility excuses the administrative process where an agency had otherwise predetermined the issue before it. (Doc. 1, at 14-15). Futility in the *McCarthy* context is distinguishable. There, the United States Supreme Court found administrative exhaustion was unnecessary for the Petitioner's *Bivens* claim because he was only seeking monetary damages, and there were no monetary remedies available in the prison's grievance procedures. *Id*. at 154. Here, there are remedies available to Petitioner that the BOP can provide if it finds Petitioner meets eligibility requirements,

5

he simply needs to exhaust an administrative appeal for the BOP to make that determination in the first instance. As for Petitioner's "irreparable harm" argument, the undersigned finds Petitioner's request for interim release premature considering – by Petitioner's own calculations – he would not even be eligible for early release on good time credits until March 2021 (Doc. 1, at 2), giving him one full year to exhaust his administrative appeal before he could potentially be released. He cannot therefore be "harmed" by being detained awaiting an administrative appeal when (by his calculation) he is not presently eligible to be released in the first place.

Petitioner also raises various arguments related to the mechanics of good time calculation under the First Step Act. *See* Doc. 7. His arguments are thorough, however, they are more appropriately presented to the BOP on administrative appeal. Because Petitioner has not submitted evidence to this Court demonstrating he has exhausted his administrative remedies with the BOP, the action should be dismissed.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Petition (Doc. 1) be DISMISSED without prejudice.

.

                                                 s/ James R. Knepp II
                                                 United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).