UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raymond Tillman,                                                  Case No. 4:19-cv-2357

                  Petitioner,

     v.                                                             MEMORANDUM OPINION
                                                                  AND ORDER

United States of America,[1]

                  Respondent.

        **I.**       **INTRODUCTION AND BACKGROUND**

Petitioner Raymond Tillman, proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing his good time credits should be recalculated due to additional good time credit authorized in the First Step Act of 2018. Respondent filed a motion to dismiss, arguing I lack jurisdiction to grant Tillman's petition because he failed to exhaust his administrative remedies before filing suit.

Then-Magistrate Judge James R. Knepp, II reviewed Tillman's petition and the parties' other filings and recommended I grant Respondent's motion and dismiss the petition without prejudice. (Doc. No. 11).[2] Tillman filed timely objections to Judge Knepp's Report and Recommendation. (Doc. No. 12). He also filed a supplement to his objections. (Doc. No. 13). For the reasons stated

---

[1] The Bureau of Prisons website indicates Tillman currently is under the supervision of the Residential Reentry Management field office located in Cincinnati, Ohio.

[2] Tillman also filed a motion to supplement the record in response to Respondent's reply brief, (Doc. No. 10), which Judge Knepp construed as a motion for leave to file a sur-reply brief and granted. (Doc. No. 11 at 1 n.2).

below, I overrule Tillman's objections, adopt Judge Knepp's recommendation, and grant Respondent's motion to dismiss.

## II.   STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636.  Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## III.   DISCUSSION

Title 18, Section 2241, of the United States Code provides an avenue for challenges to the manner in which a sentence is executed.  *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).   While a federal habeas petitioner may use § 2241 in pursuit of the application of sentence credits, the petitioner may not do so until after exhausting his available administrative remedies.  *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996).

Judge Knepp recommends I dismiss Tillman's petition without prejudice because he did not first pursue the Bureau of Prison's administrative procedures before filing suit seeking a re-calculation of his good time credit.  (Doc. No. 11 at 4-5).

Tillman objects to this recommendation, arguing it would be futile to file a grievance because Respondent "has already predetermined the issue at hand" and would not have filed a motion to

dismiss if Respondent knew the calculation was incorrect. (Doc. No. 12 at 2). He also claims pursuing his administrative remedies would create undue delay and result in the BOP being unable to grant adequate relief due to the passage of a longer period of time than he asserts he has remaining on his sentence. (*Id.* at 2-3). Lastly, he argues the administrative process is "invalid" due to the Covid-19 pandemic and the risks to his health of being in a congregate setting. (*Id.*).

While "a prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks," *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 236 (6th Cir. 2006), Tillman offers only his belief it would have been futile to pursue his claim through the BOP's administrative procedures. Tillman fails to identify a basis for his assertion that Respondent's decision to file a motion to dismiss equates to a refusal to consider the merits of his good-time arguments. Moreover, to the extent Tillman uses his objections to argue for compassionate release due to the Covid-19 pandemic, (Doc. No. 12 at 2-3), he fails to show he has exhausted his administrative remedies as to that claim either. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (dismissing defendant's untimely motion because defendant filed "before waiting out a statutorily required non-adversarial window").

### IV. CONCLUSION

For the reasons stated above, I overrule Tillman's objections, (Doc. No. 12), to Judge Knepp's Report and Recommendation. (Doc. No. 11). I grant Respondent's motion to dismiss Tillman's petition for a writ of habeas corpus, (Doc. No. 6), and dismiss Tillman's petition without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge